**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PENZANCE CASCADES NORTH, LLC,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-16643 (REG)<br><br>(Jointly Administered) |

**ORDER (A) AUTHORIZING (I) SALE OF SUBSTANTIALLY ALL OF DEBTORS'
ASSETS FREE AND CLEAR OF ALL CLAIMS, ENCUMBRANCES AND OTHER
INTERESTS AND (II) PAYMENT OF AMOUNTS UNDER MORTGAGE LOAN;
(B) APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion dated March 18, 2011 (the "Motion") of Penzance Cascades North, LLC and its affiliated debtors, as debtors in possession (collectively, the "Debtors") for an order (the "Sale Order") (A) authorizing (i) the sale (the "Sale") of the Properties[1] free and clear of all Claims and Encumbrances and (ii) payment of amounts under the Mortgage Loan; (B) approving assumption and assignment of executory contracts and unexpired leases; and (C) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.)*; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Court; and the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Objection to Debtors' Emergency Motion for Order (A) Authorizing (I) Sale of Substantially All of Debtors' Assets Free and Clear of All Claims, Encumbrances and Other Interests and (II) Payment of Amounts Under Mortgage Loan; (B) Approving Assumption and Assignment of Executory Contracts; and (C) Related Relief [Docket No. 70] filed by the Special Servicer having been withdrawn; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor:

      **THE COURT HEREBY FINDS THAT**:

<b><u>Jurisdiction, Final Order and Statutory Predicates</u></b>

      1.     This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

      2.     This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and the Sale Order shall be immediately effective upon its entry.

      3.     The statutory predicates for the relief requested in the Motion are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007 and 9014.

## Notice of the Sale

4. Notice of the Motion and a reasonable opportunity to object or be heard with respect to the Motion and relief requested therein has been afforded to all known interested persons and entities entitled to receive such notice, including, but not limited to the following parties:

(i) the Office of the United States Trustee for the Southern District of New York;

(ii) the Debtors' unsecured creditors, as identified in their schedules of assets and liabilities;

(iii) counsel to the Debtors' equity holders;

(iv) counsel to the Special Servicer;

(v) all counterparties to Assigned Contracts;

(vi) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002;

(vii) all taxing authorities and other governmental agencies having jurisdiction over any of the Properties, including the Internal Revenue Service; and

(viii) all persons known or reasonably believed to have asserted Claims or Encumbrances on any of the Properties.

## Fair and Adequate Consideration

5. The consideration provided by the Purchaser is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

## Validity of Sale

6. The Sale of each of the Properties to the Purchaser will be as of the date the Refinancing closes (the "Closing Date") a legal, valid, and effective sale of such Properties, and vests or will vest the Purchaser with all right, title, and interest of the Debtors to the Properties

free and clear of all Claims and Encumbrances accruing, arising or relating thereto any time prior to the Closing Date.

### Section 363(f) is Satisfied

7. The Purchaser would not consummate the transactions described in the Motion and contemplated in this Sale Order if the sale of the Properties to the Purchaser were not free and clear of all Claims and Encumbrances of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any of such Claims and Encumbrances.

8. The Debtors may sell the Properties free and clear of all Claims and Encumbrances against the Purchaser and the Debtors, their respective estates or any of the Properties because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Claims and Encumbrances against the Debtors, their respective estates or any of the Properties who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such Claims and Encumbrances who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Claims and Encumbrances, if any, in each instance against the Debtors, their respective estates or any of the Properties, attach to the proceeds of the Sale ultimately attributable to the Properties in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

### Compelling Circumstances for an Immediate Sale

9. To maximize the value of the Properties and preserve the viability of the business to which the Properties relate, it is essential that the Sale occur by the Closing Date. Time is of the essence in consummating the Sale.

10. The consummation of the transactions described in the Motion is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f) and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

11. The Sale does not constitute a de facto plan of reorganization or liquidation or an element of such a plan for any of the Debtors, as it does not and does not propose to: (i) impair or restructure existing debt of, or equity interests in, the Debtors; (ii) impair or circumvent voting rights with respect to any future plan proposed by the Debtors; (iii) circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity Encumbrances, compromise controversies or extend debt maturities.

### Good Faith of the Purchaser

12. The Purchaser is purchasing the Properties in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### General Provisions

13. <u>Relief Granted</u>. The relief requested in the Motion is granted and approved, and the Sale is approved as set forth in this Sale Order.

14. <u>Objections Overruled</u>. Any and all objections to the Motion, or the relief requested therein, that have not been withdrawn, waived, or settled or otherwise resolved as announced to this Court at a hearing or by stipulation filed with this Court or as otherwise

provided in this Sale Order, and all reservations of rights included therein, are hereby overruled on the merits.

**Approval of the Sale**

15. <u>Authorization to Consummate Transactions</u>. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and directed to consummate the Sale of the Properties to the Purchaser in the manner described in the Motion and in accordance with this Sale Order. The Debtors have full corporate power and authority to consummate the Sale and execute and deliver all documents contemplated thereby, and no consents or approvals are required for the Debtors to consummate the Sale. The Debtors are authorized and directed to execute and deliver, and empowered to perform under, consummate and implement all instruments and documents that may be reasonably necessary, convenient or desirable to implement the Sale and effectuate the provisions of this Sale Order, and to take all further actions as may be requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser or reducing to possession, the Properties, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale.

16. <u>Order Binding on All Parties</u>. This Sale Order shall be binding in all respects upon the Debtors, their respective estates, the Pre-Sale Lenders, all creditors, all holders of equity interests in any Debtor, all holders of any Claim(s) (whether known or unknown) against any Debtor, any holders of Claims and Encumbrances against or on all or any portion of the Properties, the Purchaser and all successors and assigns of the Purchaser, and any trustees, examiners, responsible officers, estate representatives, or similar entities for any of the Debtors, if any, subsequently appointed in the Bankruptcy Cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Bankruptcy Cases. This Sale Order shall inure to the benefit

of the Debtors, their estates and creditors, the Purchaser, the Post-Sale Lender, and their respective successors and assigns.

**Sale of the Properties**

17. <u>Sale of Properties Authorized</u>. Pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(f), the Debtors are authorized to transfer the Properties to the Purchaser or an affiliate of the Purchaser.

18. <u>Sale "As Is", Etc</u>. The Properties shall be sold to the Purchaser "as is, where is" with all faults upon and as of the Closing Date and such sale shall constitute a legal, valid, binding, and effective sale of such Properties and, upon the Debtors' receipt of the Sale Price, shall be free and clear of all Claims and Encumbrances. Upon the Closing Date, the Purchaser shall take title to and possession of the Properties free and clear of all Claims and Encumbrances.

19. <u>Surrender of Purchased Assets by Third Parties</u>. All entities that are in possession of some or all of the Properties on the Closing Date are directed to surrender possession of such Properties to the Purchaser on the Closing Date. All entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell the Properties to the Purchaser in the manner described in the Motion and contemplated in this Sale Order; *provided*, *that*, for the avoidance of doubt, nothing in this Sale Order shall be construed to enjoin or otherwise affect any actions that may be taken pursuant to that certain stipulation, dated as of March 29, 2011, entered into between and among the parties in the action pending in New York State Supreme Court styled UBS Commercial Mortgage Trust v. Garrison Special Opportunities Fund, LP, Index No. 652412/2010 (the "<u>State Court Action</u>").

20. <u>Sale Free and Clear of Claims and Encumbrances</u>. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Properties shall be free and clear of any and all Claims and Encumbrances; *provided*, *however*, that in the event the Mortgage Loan and Deed of

Trust securing the same are assigned to the Post-Sale Lenders pursuant to paragraph 21 below, at the option of the Post-Sale Lenders, such Deed of Trust (as may be amended by the Post-Sale Lenders and the Purchaser) shall not be extinguished by this Sale Order but shall instead secure the New Mortgage Loan.  The Purchaser shall not be liable as a successor under any theory of successor liability for Claims and Encumbrances that encumber or relate to the Properties or the Debtors.

21. <u>Creditors Directed to Release Claims and Encumbrances</u>.  On the Closing Date, (i) each creditor shall be authorized and directed to execute such documents and take all other actions as may be necessary to release Claims and Encumbrances on the Properties, if any, as provided for herein, as such Claims and Encumbrances may have been recorded or may otherwise exist; and (ii) at the option of the Purchaser, the Special Servicer shall be authorized and directed, at Purchaser's sole cost and expense, to assign the Mortgage Loan and Deed of Trust securing the same to the Post-Sale Lenders provided that the Special Servicer receives from the Purchaser or Post-Sale Lenders an assignment and assumption agreement without recourse to or any representations by Special Servicer and that contains, among other things, an indemnification against all damages, losses, liabilities or charges of any kind (including reasonable attorneys' fees and costs) arising out of such assignment that is reasonably satisfactory in all respects to the Special Servicer.  The Debtors shall be and hereby are authorized to execute such documents and take all other actions as may be necessary to effectuate the assignment of the Deed of Trust.

22. <u>Debtors' Authorization to Record Releases</u>.  If any person or entity which has filed statements or other documents or agreements evidencing Claims and Encumbrances on or in all or any portion of the Properties shall not have delivered to the Debtors prior to the Closing

Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to the Debtors for the purpose of documenting the release of all Claims and Encumbrances, which the person or entity has or may assert with respect to all or any portion of the Properties, the Debtors are hereby authorized and directed, and the Purchaser is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Properties. The transactions authorized herein shall be of full force and effect, regardless of any Debtors' lack of good standing in any jurisdiction in which it is formed or authorized to transact business. A certified copy of this Sale Order may be filed with the appropriate clerk(s) and/or recorded with the recorder(s) which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims and Encumbrances in the Properties as of the Closing Date of any kind or nature whatsoever.

23. <u>Recording Offices</u>. This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions described in the Motion and contemplated in this Sale Order.

**Assigned Contracts**

24. <u>Authorization to Assume and Assign</u>.  The Debtors are authorized and empowered to assume and assign each of the Assigned Contracts to the Purchaser free and clear of all Encumbrances (other than Cure Costs) as of the Closing Date.  The payment of the applicable Cure Costs (if any) by the Purchaser shall (a) effect a cure or adequate assurance of cure of all defaults existing thereunder as of the Petition Date and (b) compensate for any actual pecuniary loss to a Contract Counterparty resulting from such default.  The Purchaser shall then have assumed the Assigned Contracts and, pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Debtors of such Assigned Contracts shall not be a default thereunder.  After the payment of the relevant Cure Costs, none of the Debtors, or the Purchaser, shall have any further liabilities to the Contract Counterparties other than the Purchaser's obligations under the Assigned Contracts or that accrue and become due and payable on or after the Closing Date.

25. <u>Assignment Requirements Satisfied</u>.  Any provisions in any Assigned Contracts that restrict, prohibit or condition the assignment of such Assigned Contracts or allow the party to such Assigned Contracts to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Assigned Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Assigned Contracts have been satisfied.  Upon the Closing Date, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all right, title and interest of the Debtors under the Assigned Contracts.

26. <u>Section 365(k)</u>.  Upon the Closing Date, the Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Assigned Contracts and the Debtors shall

be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assigned Contracts.

27. No Default. Upon the payment of the applicable Cure Costs, if any, the Assigned Contracts will remain in full force and effect, and no default shall exist under the Assigned Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.

28. Adequate Assurance Provided. The Purchaser has provided adequate assurance of future performance under the relevant Assigned Contracts within the meaning of Bankruptcy Code sections 365(b)(1)(C) and 365(f)(2)(B).

29. No Fees. There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Purchaser or the Debtors as a result of the assumption and assignment of the Assigned Contracts. The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions, or of the Debtors' and Purchaser's rights to enforce every term and condition of the Assigned Contracts.

30. 365 Injunction. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, other than the right to payment of the Cure Costs, if any, all Contract Counterparties are forever barred and permanently enjoined from raising or asserting against the Debtors or the Purchaser any assignment fee, default, breach or claim or pecuniary loss arising under or related to the Assigned Contracts existing as of the Petition Date or any assignment fee or condition to assignment arising by reason of the Sale.

**Other Provisions**

31. Payment to Pre-Sale Lenders. Subject to paragraph 32 below, on the Closing Date and contemporaneously with the Sale, the Debtors shall pay in cash to the direction of the

Special Servicer in full satisfaction and discharge of any and all obligations, debts and liabilities of the Debtors to the Pre-Sale Lenders and the Special Servicer (including but not limited to the Disputed Indebtedness and the Undisputed Indebtedness) the following: (i) the amount of $113,925,731.67 (less bi-weekly interest payments previously made to the Pre-Sale Lenders in the amount of $209,612.73), plus (ii) any and all accrued and unpaid interest (at a per diem rate of $19,822.17) accruing from March 30, 2011 through the Closing Date.

32. <u>Segregation of Wind Down Funds</u>.  On the Closing Date, the Debtors will deposit cash in the amount of $1,000,000 into a newly created, segregated and interest bearing account (the "<u>Wind Down Account</u>").  The funds deposited into the Wind Down Account shall be used to satisfy any and all Wind Down Expenses as well as any and all reasonable fees and expenses incurred by the Pre-Sale Lenders from March 30, 2011 through the Closing Date for which the Debtors are liable pursuant to the terms of the Loan Agreement (the "<u>Additional Amounts</u>"), including any costs and fees incurred in accordance with any assignment of the Deeds of Trust in accordance with paragraph 21 above.  Any Additional Amounts shall be submitted to the Debtors by the Special Servicer no later than 5 business days after the Closing Date (as well as (i) such reasonable fees and expenses incurred by the Special Servicer but not recorded from March 24, 2011 through March 30, 2011 on account of the Pre-Sale Lenders' counsel in the State Court Action, and from March 28, 2011 through March 30, 2011 on account of the Special Servicer's counsel in these chapter 11 cases and (ii) such other reasonable fees and expenses of the Pre-Sale Lenders' counsel in the State Court Action and the Special Servicer's counsel in these chapter 11 cases as may not have been billed prior to March 24, 2011 and March 28, 2011, respectively), and the Debtors shall pay such Additional Amounts within 5 business days after demand for such amounts by the Special Servicer; *provided*, *however*, that the Debtors reserve

their right to dispute any Additional Amounts and, in the event that the Debtors and the Special Servicer cannot reach agreement with respect to such amounts, such dispute shall be submitted to this Court for adjudication; *provided*, *further*, that Additional Amounts up to $15,000 incurred in connection with the assignment of the Deed of Trust shall not be subject to dispute by the Debtors. Upon payment of all Wind Down Expenses and the Additional Amounts, the Debtors shall remit the balance remaining in the Wind Down Account, if any, to the Purchaser.

33. <u>Injunction</u>. Effective upon the Closing Date and subject to payment in full in cash of the amounts set forth in paragraphs 31 and 32 above, all persons and entities, including but not limited to holders of Claims and Encumbrances, are forever barred, estopped, prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Purchaser, its successors and assigns, or the Properties, with respect to any (a) Claims and Encumbrances arising under, out of, in connection with or in any way relating to the Debtors, the Purchaser, the Properties, the Sale, or the operation of the Properties prior to the Sale, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Purchaser, its successors or assigns, the Properties or its properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Purchasers, its successors, the Properties or its properties; (iii) creating, perfecting or enforcing any Claims and Encumbrances against the Purchaser, its successors or assigns, the Properties or its properties; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Purchaser or its successors or assigns; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this

Sale Order or other orders of this Court, or the agreements or actions contemplated or taken in respect thereof; or (vi) revoking, terminating or failing or refusing to issue or renew any license, permit or authorization to operate any of the Properties or conduct any of the businesses operated with the Properties.

34. <u>No Liability for Claims Against Debtors</u>. Effective upon the Closing Date and subject to payment in full in cash of the amounts set forth in paragraphs 31 and 32 above, except as otherwise expressly set forth in this Sale Order, the Purchaser and its employees, officers, directors, advisors, lenders, affiliates, owners, successors and assigns shall not have any liability (successor, vicarious or otherwise), or any other obligation of the Debtors. The Purchaser has given substantial consideration for the benefit of the holders of any Claims and Encumbrances. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Purchaser, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Claims and Encumbrances against or interests in the Debtors or any of the Properties.

35. <u>Plan Not to Conflict</u>. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) the Debtors' bankruptcy cases, (b) any subsequent chapter 7 case into which any such chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the terms of this Sale Order.

36. <u>Good Faith</u>. The transactions described in the Motion and contemplated in this Sale Order are undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the

validity of the Sale, unless such authorization and consummation of such Sale are duly stayed pending such appeal. The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to, and granted, the full protections of section 363(m) of the Bankruptcy Code.

37. <u>Effective Immediately</u>. Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Sale Order shall be effective immediately upon entry and the Debtors and the Purchaser are authorized to effectuate the Sale immediately upon entry of this Sale Order.

38. <u>Bulk Sales Law</u>. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

39. <u>Timing</u>. All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40. <u>Authorization to Effect Order</u>. The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Sale Order in accordance with the Motion.

41. <u>Automatic Stay</u>. The automatic stay pursuant to Section 362 is hereby lifted with respect to the Debtors to the extent necessary, without further order of this Court, to (i) allow the Purchaser to deliver any notices and (ii) allow the Purchaser to take any and all actions described in the Motion in accordance with the terms of this Sale Order.

42. <u>Order to Govern</u>. To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Motion in the Debtors' bankruptcy cases, the terms of this Sale Order shall govern.

43. <u>Vacation of Order</u>. In the event that the Closing Date has not occurred on or by April 14, 2011, this Sale Order shall be deemed vacated and of no further force and effect, unless otherwise agreed by the Debtors and the Special Servicer; *provided*, *however*, that this Sale

Order shall, upon further order of the Court, remain in full force and effect in the event that the Closing Date has not occurred as a result of any action or inaction taken by the Pre-Sale Lenders or the Special Servicer; *provided*, *further*, that the Debtors have requested such further order from the Court prior to April 14, 2011.

44. Retention of Jurisdiction. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the Sale, this Sale Order and the matters contemplated herein.

Dated: **March 29, 2011**
      New York, New York

*s/ Robert E. Gerber*
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE